UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:08-cr-306-T-30TBM

CHARLES "CHUCK" RUGGIERO

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Brian Albritton, United States Attorney for the Middle District of Florida, and the defendant, Charles Ruggiero, and the attorney for the defendant, Bryant Camareno, mutually agree as follows:

A.    **Particularized Terms**

1.    Counts Pleading To

The defendant shall enter a plea of guilty to Counts One and Two of the Indictment.  Counts One and Two charge the defendant with knowingly transporting and shipping in interstate commerce by means of a computer with internet access more than one depiction of a child pornography, in violation of 18 U.S.C. §§ 2252(a)(1) and (b)(1).

2.    Minimum and Maximum Penalties

Counts One and Two are each punishable by a mandatory minimum term of imprisonment of five (5) years up to twenty (20) years, a fine of $250,000, a term of supervised release of not less than five (5) years and not more than life, and a special

Defendant's Initials _____                    AF Approval _____

assessment of $100 per felony count.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

      3.    <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.  The elements of Counts One and Two are:

| | | |
|---|---|---|
| <u>First</u>: | That the Defendant knowingly transported a visual depiction in interstate or foreign commerce by any means, including by computer; |
| <u>Second</u>: | That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct; |
| <u>Third</u>: | That such visual depiction is of a minor engaged in sexually explicit conduct; and |
| <u>Fourth</u>: | That the Defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct. |

      4.    <u>Count Dismissed</u>

At the time of sentencing, the remaining count against the defendant, Count Three, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

      5.    <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the

Defendant's Initials _____

time of the execution of this agreement related to the conduct giving rise to this plea agreement.

6.      Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7.      Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant

Defendant's Initials  _CR_                    3

understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.    Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court.  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

9.    Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.  If the cooperation is completed prior to

Defendant's Initials  CR                4

sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10.   Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

Defendant's Initials ___*CR*___                    5

11.    Cooperation - Responsibilities of Parties

a.     The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.     It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)     The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware

Defendant's Initials ___CR___                    6

of defendant's rights, as to all felony charges pending in such cases (those offenses

punishable by imprisonment for a term of over one year), to not be held to answer to

said felony charges unless on a presentment or indictment of a grand jury, and further

being aware that all such felony charges in the instant case have heretofore properly

been returned by the indictment of a grand jury, does hereby agree to reinstatement of

such charges by recision of any order dismissing them or, alternatively, does hereby

waive, in open court, prosecution by indictment and consents that the United States

may proceed by information instead of by indictment with regard to any felony charges

which may be dismissed in the instant case, pursuant to this plea agreement, and the

defendant further agrees to waive the statute of limitations and any speedy trial claims

on such charges.

   (3) The United States may prosecute the defendant for any

offenses set forth herein, if any, the prosecution of which in accordance with this

agreement, the United States agrees to forego, and the defendant agrees to waive the

statute of limitations and any speedy trial claims as to any such offenses.

   (4) The government may use against the defendant the

defendant's own admissions and statements and the information and books, papers,

documents, and objects that the defendant has furnished in the course of the

defendant's cooperation with the government.

   (5) The defendant will not be permitted to withdraw the guilty

pleas to those counts to which defendant hereby agrees to plead in the instant case

but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth

Defendant's Initials _____CR_____   7

in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

    12.    <u>Forfeiture of Assets</u>

        The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the following: one Dell Inspiron 6000 laptop computer, service tag number 18NJP71, and one HP Pavilion a1224n desktop computer, serial number CNH5471FZ1. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

        The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to

Defendant's Initials _CR_             8

Rule 32.2(b)(3), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing.  To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located.  The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then

Defendant's Initials _CR_                    9

the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

13.    Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the United States Postal Inspection Service or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he/she has pled guilty.  As such, defendant hereby relinquishes all claim, title and interest he/she has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

Defendant's Initials  _____      10

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he/she is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of:  one Dell Inspiron 6000 laptop computer, service tag number 18NJP71, and one HP Pavilion a1224n desktop computer, serial number CNH5471FZ1.

14.   <u>Sex Offender Registration and Notification</u>

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions:  the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.    <u>Standard Terms and Conditions</u>**

1.   <u>Restitution, Special Assessment and Fine</u>

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of

Defendant's Initials   _CR_                    11

the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.  Supervised Release

The defendant understands that the offenses to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.  Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the counts to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United

Defendant's Initials _CR_                    12

States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition.  The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4.      Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the

Defendant's Initials  _CR_                    13

government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5.      Defendant's Waiver of Right to Appeal and
        Right to Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials _____*CR*_____                    14

6.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7.    <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8.    <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine

Defendant's Initials _____CR_____                    15

the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9.    <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

<u>FACTS</u>

On or about November 27, 2006, a Postal Inspector based in Miami, Florida and acting in an undercover capacity received an email from the defendant, Charles Ruggiero, using the email address amberlit@gmail.com requesting to join the "alt tinny pthc incest group."  On or about November 27, 2006, in response to email exchanges

Defendant's Initials ___*CR*___                16

with the defendant via amberlit@gmail.com, the Inspector, posing as "Geoff," emailed the defendant a list of DVD titles that purportedly offered explicit child pornography.

On or about November 30, 2006, the defendant, using the email address amberlit@gmail.com, wrote to "Geoff" and offered to provide sixty (60) images of child pornography in exchange for two videos containing child pornography. "Geoff" agreed to the trade.

On or about December 1, 2006, at 10:38 a.m., the defendant, using the email address amberlit@gmail.com, requested that the two DVD's containing child pornography that he ordered be delivered to Chuck Ruggiero, 877 Executive Center Drive W., Suite 300, St. Petersburg, FL, which is in the Middle District of Florida. The defendant's email also stated, "[t]hank you very much, I am very excited." On that same day, the defendant, using the email address amberlit@gmail.com, sent the Inspector an email containing thirty-four (34) images, at least twenty (20) of which contain child pornography. These twenty (20) images depict two prepubescent girls showering together, posing suggestively, lewdly and lasciviously displaying their genitalia, touching their genitalia, and licking one another.

Also on or about December 1, 2006, at 10:42 a.m., the defendant, using the email address amberlit@gmail.com, sent the Inspector a second round of photos containing child pornography. These twenty-six (26) images depict the same naked prepubescent girls posing suggestively for the camera, at least ten (10) of which display lewd and lascivious displays of the child's genitalia.

Defendant's Initials ___*CR*___          17

All of these images were transported in interstate commerce by the defendant via his Google Gmail email account, amberlit@gmail.com.  Google maintains its servers in California.  Therefore, the defendant transmitted these images in interstate commerce when he emailed them from St. Petersburg, Florida to the Inspector in Miami, Florida via his Gmail email account.

On or about December 7, 2006, another Postal Inspector based in San Francisco, California received an email from the defendant via email address amberlit@gmail.com in response to a posting the Inspector had placed on a Google newsgroup entitled "LS-Magazine-Photos-The-Best-little-girls-on-the-net!!!"  In or about December 2006, the Inspector in San Francisco had posted the following:

"aparagus twink lolita preteen tiny teen incest your brother sister taboo fetish this is NOT a spam email  i recently lost my job at an 'alternative' bookstore, and i took a stack of dvds as 'severance.'  after going through them, I found out i got some duplicates.  if your interested, email me..."

The email from the defendant on or about December 7, 2006, requested a list of the available videos from the Inspector.  The Inspector, posing as "Dan Smith," replied via email stating, "before i send you a list of available dvds, i need to tell you that these dvds came from my boss's private stash, and they are not exactly legal."  The defendant, using the email address amberlit@gmail.com, wrote back that he wanted images of "girls, young ones...."  On or about December 11, 2006, "Dan Smith" sent the defendant at amberlit@gmail.com a list of DVDs with titles that described child pornography.

Defendant's Initials _____*CR*_____                    18

On or about December 11, 2006, the defendant, using the email address amberlit@gmail.com, offered to trade pictures for the videos supposedly being offered by the Inspector.  The Inspector agreed.  On or about December 11, 2006, at approximately 2:40:08 p.m., the defendant emailed the Inspector and instructed him to send the DVD containing child pornography to Chuck Ruggiero, 877 Executive Center Dr W., Suite 300, St. Petersburg, FL, which is in the Middle District of Florida.  The defendant also emailed, "[t]his is my office so BE CAREFUL.  Send me the dvd that i picked and one other that you think is the best! (hottest girls, best quality etc)."

Within the email described above, the defendant attached twenty-two (22) images, all of which contain child pornography.  These images contain depictions of naked prepubescent girls being vaginally penetrated by foreign objects and prepubescent girls being vaginally penetrated by an adult male's penis.  The images sent via email by the defendant also portray sadistic or masochistic depictions in as much as they contain images of a child under the age of five being anally and vaginally penetrated by an adult male's penis.

At 2:40:31 p.m. on the same date, the defendant sent twenty-two (22) additional images to the Inspector, at least 16 of which depict child pornography.  These images include photos of a naked prepubescent girl masturbating, naked prepubescent girls being vaginally and anally penetrated by a foreign object, naked prepubescent girls engaging in intercourse with adult males, and minor children performing fellatio on an adult male, among other things.  The images transported via email by the defendant also portray sadistic or masochistic conduct in as much as they contain photos of a

Defendant's Initials _____*CR*_____          19

young child under the age of four being vaginally penetrated by an adult male and a photo of another child under the age of four with an adult male penis in her mouth.

The defendant transported these images from Florida to the undercover Inspector in California.  Therefore these images traveled in interstate commerce.

Six images of the images transported by the defendant to the two different undercover Postal Inspectors have been identified as known child victims by NCMEC.

On January 8, 2007, the U.S. Postal Inspection Service made a controlled delivery of purported child pornography ordered by the defendant to his business address in the Middle District of Florida.  The defendant accepted delivery and signed the Postal Service receipt.  The defendant was arrested and, after being advised of his *Miranda* warnings, admitted to distributing and receiving child pornography over the internet on multiple occasions and to ordering child pornography to be delivered via the U.S. mail.

The defendant stated that he used his laptop, a Dell Inspiron 6000 laptop computer, service tag number 18NJP71, to access his email account amberlit@gmail.com at work and to distribute child pornography.  He also stated that he used his personal desktop computer, a HP Pavilion a1224n desktop computer, serial number CNH5471FZ1, to access his amberlit@gmail.com email account at home and to view, distribute, and receive child pornography.  The aforementioned laptop computer was obtained by federal investigators via a search warrant served upon the defendant's employer and the aforementioned desktop was voluntarily surrendered by the defendant at the time of his arrest.

Defendant's Initials _____ *CR*                    20

10. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___30___ day of ___DECEMBER___, 2008.

A. BRIAN ALBRITTON
United States Attorney

_____          By: _____
CHARLES RUGGIERO                            AMANDA L. RIEDEL
Defendant                                   Assistant United States Attorney


_____          _____
BRYANT CAMARENO                             JAY L. HOFFER
Attorney for Defendant                      Assistant United States Attorney
                                            Deputy Chief, General Crimes