UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA     Case No. 8:08-cr-306

vs.

CHARLES RUGGIERO

**SENTENCING MEMORANDUM AND/OR
MOTION FOR DOWNWARD VARIANCE**

**I.     INTRODUCTION**

As of this writing, Charles Ruggiero is doing the best he can to prepare himself and his family for what could be the beginning of a 20 year sentence. Mr. Ruggiero has never spent more a day in jail and through his own fault is now facing a prison term that could keep him incarcerated until his 50th birthday.

Subsequent to his initial "arrest", Mr. Ruggiero began a process of breaking away from his criminal past by refraining from any involvement in the distribution of child pornography. Mr. Ruggiero was advised that he would be ultimately indicted on these charges and as a result he was obligated to turn himself in on a given notice.

**Eighteen months went by before he finally received that fateful call that required to turn himself in on the federal charges**. At one point,

1

Mr. Ruggiero even updated his cell phone number to the agents to ensure that he was not considered to be a flight risk.

Unlike those cases where a defendant communicates with a minor in an attempt to lure them into meeting them for illicit sexual contact, Mr. Ruggiero has had no illegal contact with an actual child and has never had any desire to do so.[1] Mr. Ruggiero is a hard-working man whose only desire is to provide for his young son.

As a result, Mr. Ruggiero is asking that this court sentence him to **60 months** incarceration.

## II.     THE ADVISORY NATURE OF THE GUIDELINES

The guidelines are only one of the factors to consider when imposing sentence. See *Gall v. United States,* 128 S.Ct. 586, at 602 (2007). The guidelines, which were formerly mandatory, are now only one of several considerations for the court in determining an appropriate sentence, *Kimbrough v. United States*, S.C. 558, at 564 (2007). The court, therefore, has made it clear that the factors outlined in Section 353(a) are the controlling factors governing sentencing law.

---

[1] See e.g. *United States v. Haynes*, 8:04-cr-00225, an enticement case, in which the undersigned was attorney of record and where the defendant was sentenced to 78 months after trial.

2

### A.   The Nature and Circumstances of the Offense

Under the pre-Booker regime, the court had to assume a correlation between the nature of the offense and the punishment prescribed under the sentencing guidelines. A less rigid approach can now be fathomed, thus averting the mathematical formula that was mandatory prior to Booker. Mr. Ruggiero recognizes that his conduct was wrong and that it warrants a significant period of incarceration.

The guideline imprisonment range of almost 20 years however, is not commensurate with the harm done to society by Mr. Ruggiero. In comparison with those defendants that actually entice minor children or actually molest children, the guidelines application in the present case results in unduly harsh punishment which is not proportionate to the harm done by defendant's conduct.

### B.   Personal Characteristics

Mr. Ruggiero was once married but his short-lived marriage resulted in a bitter divorce. However, from that failed marriage a beautiful boy was produced. Mr. Ruggiero was himself the product of a good marriage and he did the best he could to emulate his parents but unfortunately nothing could be done to save his own marriage.

Mr. Ruggiero also turned to drugs such as *ecstasy* and *marijuana* which only complicated his life and made matters worse for him. His use of drugs also contributed to his other arrests. Undoubtedly, the court should take into account the fact Mr. Ruggiero had been arrested before when imposing a sentence that promotes respect for the law.

However, a sentence that removes this young man from society for close to 20 years is not a sentence that provides hope or rehabilitation to this man.

## III.   SENTENCING FACTORS

1. **To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense**: A sentence of 60 months for engaging in the possession and distribution of child pornography is more than sufficient to reflect the seriousness of the offense. A 60 month sentence would also send a message to the community at large that this type of behavior will not be tolerated, thus promoting respect for the law for not only the defendant but also for the community.

2. **To afford adequate deterrence to criminal conduct:**

A sentence in the range of 60 months will be sufficient to afford adequate deterrence to any future criminal conduct. While Mr. Ruggiero has recently returned to drug use, the last two years has proven that he has been adequately deterred from committing the same offense of possessing and distributing child pornography.

If Mr. Ruggiero were to serve a sentence of 5 years he would still be young enough to not only have appreciated the wrongfulness of his actions but also young enough to contribute to his family, his job as well as his society.

While still their thirties, individuals have a different perspective in life, particularly those who have been scarred by poor judgment in the past. This sentence sends a strong message to individuals who transgress society's laws and demonstrates that this conduct will not be tolerated, while at the same time complying with the court mandate that the sentence should be sufficient, but not greater than necessary to accomplish the objective set up in 18 U.S.C. § 3553.

3. **To protect the public from further crimes of the defendant:**

Although this is a significant factor in imposing sentence, the fact that

Mr. Ruggiero has begun to take steps to break away from his criminal past by refraining from any involvement in child pornography and <u>waiting patiently for 18 months before the charges were formally brought forward minimizes the likelihood that he will engage in criminal behavior in the future</u>.

It should be noted that Mr. Ruggiero did violate the conditions of his pre-trial release by admitting to smoking marijuana only days prior to his change of plea, as a result of the stress of believing he would be remanded after pleading guilty.  The second violation came after Mr. Ruggiero's wife called to meet him by offering him an opportunity to be able to see his son, whom his ex-wife has prevented Mr. Ruggiero from seeing after several weeks.  It was only after Mr. Ruggiero objected to the ex-wife's desire to relocate to Arizona did the ex-wife call pre-trial services to report his unapproved meeting.  However, none of these actions demonstrate any likelihood of recidivism on the part of Mr. Ruggiero.

In fact, the *Whitford-Thomas* group has recently assessed Mr. Ruggiero and finds that the likelihood of recidivism is very low.[2]

---

[2] The *Whitford-Thomas* report will be submitted as an attachment to this memorandum.

4.     **To provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective way**:

The court should take into consideration not only the need to punish Mr. Ruggiero, but in addition the need to take steps so that this defendant leaves prison with a different perspective in life. Punishment should not be the guiding faction as in the end society benefits when a person becomes rehabilitated and a successful member of society. This defendant should receive drug counseling and mental health counseling so that he does not seek refuge by associating with the wrong segment of society.

A sentence of 20 years would not help society and this defendant in a meaningful manner. Similarly, his family and child will be equally impacted by this draconian sentence. Thus, this court should also consider the impact of a lengthy sentence upon members of Ruggiero's immediate family, especially his son.

IV.    **THE MINIMALLY-SUFFICIENT SENTENCE**

As discussed above, *Booker* and 18 U.S.C. § 3553(a)'s parsimony provision imposes a statutory cap on sentences, no matter what is recommended under the sentencing guidelines: the sentence must be "sufficient, but not greater than necessary" to achieve the purposes of

7

punishment. Because such consequences satisfy some of the purposes of punishment, they are widely recognized as grounds for departure under the sentencing guidelines. *See, e.g., United States v. Speed Joyeros, S.A.,* 204 F. Supp. 2d 412, 439-40 (E.D.N.Y. 2002); *United States v. Redemann,* 295 F. Supp. 2d 887, 894-97 (E.D. Wis. 2003); *United States v. Gaind,* 829 F. Supp. 669, 670-71 (S.D.N.Y. 1993).

Recently, the Ninth Circuit upheld a probationary sentence on a distribution of child pornography on a defendant similarly situated with that of Mr. Ruggiero. *United States v. Jim Autery ,*__ F.3d __, No. 07-30424, 2008 WL 349801 (9th Cir. Feb. 13, 2009):

For all of the above, a sentence of 60 months, with defendant being required to undergo the 500 hours substance abuse program and to complete educational and vocational courses so that he can have a trade upon his release, would be sufficient to accomplish the objectives of 18 U.S.C. §3553.   Respectfully submitted,

**/s/Bryant R. Camareno**
**BRYANT R. CAMARENO, ESQUIRE**
**BRYANT R. CAMARENO, P.A.**
**Florida Bar No.:  048283**
**607 W. M.L.K. Boulevard**
**Tampa, Florida  33603**
**Tel:  (813) 234-4759**
**Facsimile (813) 234-2405**
**Email: Bryant@camarenolaw.com**
**Attorney for Defendant**

8

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically mailed on this 22nd day of April, 2009, to Amanda Reidel, AUSA, United States Attorneys' Office, Tampa, Florida.

**/s/Bryant R. Camareno**
**BRYANT R. CAMARENO, ESQUIRE**
**BRYANT R. CAMARENO, P.A.**
**Florida Bar No.:  048283**
**607 W. M.L.K. Boulevard**
**Tampa, Florida  33603**
**Tel:  (813) 234-4759**
**Facsimile (813) 234-2405**
**Email: Bryant@camarenolaw.com**
**Attorney for Defendant**